HOUSTON PACKING CO. v. JOHNSON.

(Court of Civil Appeals of Texas. Galveston. Feb. 22, 1913. Rehearing Denied March 20, 1913.)

1. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES IN STREET—CONTRIBUTORY NEGLIGENCE —JURY QUESTION.
　Plaintiff was riding on a bicycle close to the curbing on the right side of S. street, going east to T. street, and a brewery team was also being driven west on S. street toward T. street. On his left-hand side and closely following the brewery wagon, also on the left, was defendant's team. The drivers of both wagons were racing at an unlawful speed, and when plaintiff reached the west side of T. street the brewery wagon reached the east side and suddenly turned south into T. street at a rapid speed, and in order to avoid the wagon plaintiff turned to the left, and when the brewery wagon turned defendant's wagon, close behind, continued across T. street and ran upon plaintiff. The brewery wagon was immediately ahead of defendant's wagon, and prevented plaintiff from seeing the latter, so that he did not see it until the brewery wagon turned. Upon seeing the brewery wagon approach, plaintiff did not stop or dismount from his bicycle, but continued to ride in its direction until nearer the point he thought they would meet. *Held*, that whether plaintiff was guilty of contributory negligence was a jury question.
　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS—SUFFICIENCY.
　A statement, under an assignment of error complaining of the refusal of a special charge that "the charge set out in the assignment was requested by the defendant and refused by the court," and referring to the record where the charge was to be found, was insufficient, under Court of Civil Appeals rule 31 (142 S. W. xiii), requiring a sufficient statement to support and explain the propositions; the rule requiring that sufficient of the evidence to show that the facts required the requested charge to be given be set out in the statement.
　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Berndt Johnson against the Houston Packing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Marsene Johnson, Roy Johnson, and Elmo Johnson, all of Galveston, for appellant. Stewarts and J. E. Quaid, both of Galveston, for appellee.

McMEANS, J. The plaintiff, Berndt Johnson, brought this suit against the defendant, Houston Packing Company, to recover damages in the sum of $10,000 for personal injuries sustained by him by reason of being struck and run over by a wagon of defendant drawn by a team of mules negligently and recklessly driven by defendant's servant upon the public streets of the city of Galveston. As defendant makes no contention on this appeal that the facts disclosed no actionable negligence on its part, it is thought to be unnecessary to set out the various grounds of negligence pleaded by plaintiff. The defendant answered by general denial and a plea of contributory negligence. The case was tried before a jury, and resulted in a verdict and judgment for plaintiff for $600, from which judgment the defendant has appealed.

The defendant asked the court to give to the jury its special charge No. 1, which was a peremptory instruction to find for defendant. It contends that the uncontradicted evidence shows that plaintiff was himself guilty of negligence which proximately caused his injuries, and that he could not therefore recover, and for that reason the charge should have been given.

The evidence in the record justifies the following fact findings: Strand street, in the city of Galveston, runs east and west, and crosses Tremont street at right angles. Plaintiff was riding on a bicycle on Strand, going east and toward Tremont street, and was on the right-hand side of the street, close to the curbing. A brewery team drawing a wagon was being driven on Strand, going west and also toward Tremont street, and, contrary to the ordinances of the city of Galveston, was on the left-hand side of the

street. Closely following the brewery wagon, and also on the left-hand side of the street, was the team and wagon of defendant, driven by defendant's servant. The drivers of both wagons were racing, and driving at a rate of speed in excess of that allowed by the ordinances of the city of Galveston. Just about the time plaintiff reached the western side of Tremont street, the brewery wagon reached the eastern side, and then suddenly turned south into Tremont street, going at such a pace as to cause the wagon, as one witness says, to run on two wheels. Just before this wagon made this turn, the plaintiff, in order to avoid the brewery wagon, which was apparently headed for him, turned to the left, and when the brewery wagon made the turn the wagon of defendant, coming close behind, continued across Tremont street and, before plaintiff could avoid it, ran upon him and inflicted the injuries for which he sues. The brewery wagon, being immediately ahead of the defendant's wagon, obscured plaintiff's vision and prevented him from seeing the latter; and he did not know of its presence there until the brewery wagon made the turn. Plaintiff, upon observing the approach of the brewery wagon, did not stop, nor did he dismount from the bicycle, but continued riding in the direction of the oncoming wagon until near the point where he thought they would meet, and then turned to avoid it.

[1] We think that under the facts proven, the substance of which we have endeavored to give above, the issue of contributory negligence of the plaintiff was for the jury; and that therefore the court did not err in refusing to give the charge requested.

[2] All of the other assignments of error are addressed to the refusal of the court to give to the jury other special charges requested by defendant. We decline to consider these assignments, for the reason that they are not followed by a statement from the record, sufficient to support and explain the propositions under them, as required by rule 31 (142 S. W. xiii). A statement, under an assignment complaining of the refusal of the court to give a special charge, that "the charge set out in the assignment was requested by the defendant and refused by the court," and referring to the page of the record where the refused charge may be found, is wholly insufficient as a supporting statement. The statements made by appellant under all its assignments, except the first, are substantially in the language quoted above. To be sufficient under the rule, the appellant should have quoted from the record the substance of the evidence, or so much thereof as necessary to show that the facts required the giving of the charges requested. This court is not required to go into the record and search for testimony to see whether the facts proved required the submission to the jury of special charges requested.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.